37176. GRINER *v.* GROOVER *et al.*

DECIDED JUNE 23, 1958.

756

*Francis W. Allen, Bouhan, Lawrence, Williams, Levy & McAlpin, Kirk McAlpin,* for plaintiff in error.

*Ralph U. Bacon, Neville & Neville,* contra.

GARDNER, Presiding Judge. Counsel for the defendant Griner cite and rely on *Shaw* v. *Mayor &c. of Macon,* 6 *Ga. App.* 306, 307 (64 S. E. 1102) as authority to show that this case should be reversed. In that case the court stated that the petition there showed clearly that the negligence charged against the defendant was not the proximate cause of the plaintiff's injury but that the proximate cause of the injury was the act of the driver of the buggy. After reading the original record in that case we agree that the facts alleged there were sufficient to warrant the sustaining of the general demurrer, and this is true of the many cases cited therein. However, even in the *Shaw* case, the court said: "No inflexible rule of law can be laid down for determining what would be the proximate cause of an injury. The question must be solved by the facts of each particular case. It may be stated generally that the negligence upon which a recovery can be predicated must be the chief preponderating and proximate cause of the injury." In *Taylor* v. *Atlanta Gas Light Co.,* 93 *Ga. App.* 766 (1a) (92 S. E. 2d 709) this court said: "The general rule is that if, subsequently to an original wrongful or negligent act, a new cause has intervened, of itself sufficient to stand as the cause of the misfortune, the former must be considered as too remote. . ." It is obvious that this decision will not aid the defendant, under the allegations of the petition in the instant case. In *Gulf Oil Corp.* v. *Stanfield,* 213 *Ga.* 436 (99 S. E. 2d 209) the record shows clearly that an act of a third person was the direct and proximate cause of the damage. When such affirmatively appears, it follows that the overruling of a general demurrer is correct. For the same reasons the following cases

have no application, in view of the pleadings in the instant case: *Southland Butane Gas Co.* v. *Blackwell*, 211 *Ga.* 665 (88 S. E. 2d 6), *Fricks* v. *Knox Corp.*, 84 *Ga. App.* 5, 10 (65 S. E. 2d 423), *Beasley* v. *Elder*, 88 *Ga. App.* 419 (76 S. E. 2d 849), and *Rogers* v. *Johnson*, 94 *Ga. App.* 666, 667 (96 S. E. 2d 285).

We do not interpret the petition to plead in the alternative or disjunctive and thus consider the entire pleadings to be bad and subject to general demurrer. Hence the following cases have no application: *Richards & Associates, Inc.* v. *Studstill*, 212 *Ga.* 375 (93 S. E. 2d 3), and *Belch* v. *Sprayberry*, 97 *Ga. App.* 47, 50 (101 S. E. 2d 870).

Code § 105-603, cited by counsel for the defendant Griner, reads as follows: "If the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover. In other cases the defendant is not relieved, although the plaintiff may in some way have contributed to the injury sustained." While it is incumbent upon the plaintiff to use the degree of care necessary under the circumstances to avoid injury to himself, until it affirmatively appears from the petition that the plaintiff used such degree of care, this question cannot be determined by demurrer but is a jury question. Questions of negligence, whose negligence and what negligence present issues of fact for determination by a jury, and furnish no ground for sustaining a general demurrer to a petition. See *Atkinson* v. *Yarborough*, 13 *Ga. App.* 781 (80 S. E. 29). See the many decisions annotated under Code § 105-603, catchwords "Jury" and "Ordinary care."

We consider it well to mention an allegation of negligence against the defendant Griner which was included in the petition. That allegation is: "In driving upon said bridge in such a manner as to cause the right wheels of said truck to go to the right of the right-hand runners of said bridge." The runners were built on top of the main floor of the bridge, said runners having been placed there for the purpose of additional support for the wheels of the vehicle. This allegation of negligence, together with the other acts of negligence alleged, is sufficient to withstand a general demurrer.

The causative factors involved, the degree of care required

of the plaintiff and of the defendant, under the pleadings in the instant case are questions to be determined by a jury. The court did not err in overruling the general demurrer to the petition.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*