A94A0232. GAYDOS v. GRUPE REAL ESTATE INVESTORS
et al.
(440 SE2d 545)

BLACKBURN, Judge.

The appellant, Sue Gaydos, commenced this action against Grupe Real Estate Investors 42 and Grupe Management Company (Grupe), seeking to recover for injuries sustained when she tripped and fell on the parking lot of the apartment complex in which she resided. The trial court granted summary judgment for Grupe, and this appeal followed.

The record shows that at approximately 1:30 p.m. on April 1, 1991, Gaydos exited her apartment and, instead of using the paved walkway to the parking lot provided for such purpose, cut across the

lawn to get to her car. As she approached the sloping concrete curb of the parking lot, she was looking straight ahead, and tripped and fell when she stepped down at the curb. Although Gaydos had lived in the apartment complex for several months, she claimed that she had never traversed this route to her car prior to this incident. There also was no evidence that others had used this route to access the parking lot.

The maintenance supervisor of the apartment complex was called to the scene immediately following Gaydos' fall. He observed the sloping curb and an expansion joint from which a crack extended, but there were no holes or unevenness about the curb. The asphalt pavement of the parking lot was a little uneven where it joined the curb. He had previously inspected the parking lot for hazardous defects in March 1991, at which time he observed the crack in the concrete apron, but he had not considered it to be hazardous.

Approximately seventeen months after the fall, the plaintiff's expert, a structural engineer, examined the parking lot site in question and found the crack to be nineteen inches long, and three inches across at its widest point. Because both sides of the crack had deteriorated, the engineer opined that the hazardous condition would have existed in March 1991, when the maintenance supervisor inspected the parking lot. He also viewed photographs of the site taken on the day of the fall and found them to depict a trip hazard, but he did not specify the hazard. The engineer further averred that while approaching the site as Gaydos had done, the hazard would not have been visible upon ordinary inspection by a person walking in an ordinary manner.

An owner or occupier of land has a duty of exercising ordinary care to keep the premises and approaches safe for any invitees. OCGA § 51-3-1. However, an owner or occupier of land is not an insurer of an invitee's safety. Rather, the basis of an owner/occupier's liability to an invitee injured on the premises is the owner/occupier's superior knowledge of the condition that subjected the invitee to an unreasonable risk of harm. *Pound v. Augusta National*, 158 Ga. App. 166 (279 SE2d 342) (1981). On the other hand, an invitee must exercise ordinary care to avoid the consequences of any such negligence on the part of an owner/occupier, and the failure to do so bars an invitee's recovery against the owner/occupier. OCGA § 51-11-7, generally; *Powell v. Woodridge Condo. Assn.*, 206 Ga. App. 176 (424 SE2d 855) (1992).

In the instant case, there was no evidence showing that either Grupe or Gaydos had actual knowledge of the alleged defect in the parking lot at the site where Gaydos fell. Gaydos contends that Grupe's constructive knowledge of the alleged defect was established by the apartment complex maintenance supervisor's inspection of the

parking lot approximately one month before the incident, at which time the condition was discovered or should have been discovered. However, under the circumstances of this case, even if Grupe had such constructive knowledge, it was not superior to the knowledge attributable to Gaydos.

"It is common knowledge that small cracks, holes and uneven spots often develop in pavement; and it has been held that where there is nothing to obstruct or interfere with one's ability to see such a 'static' defect, the owner or occupier of the premises is justified in assuming that a visitor will see it and realize the risk involved. [Cits.]" *Crenshaw v. Hogan*, 203 Ga. App. 104, 105 (416 SE2d 147) (1992). Broken or uneven pavement is a static condition which alone is not dangerous until someone steps on or in it. See *Jeter v. Edwards*, 180 Ga. App. 283 (349 SE2d 28) (1986).

Gaydos contends that this rule regarding static defects is inapplicable here, because the defect was not visible to a pedestrian walking in an ordinary manner from the direction she approached the parking lot. However, it should be noted that she approached her car by taking a short-cut across the lawn, rather than using the concrete walkway from her apartment building to the parking lot and then walking to her car, as was the normal and intended route for tenants.

"[I]t is incumbent upon the plaintiff to use the degree of care necessary under the circumstances to avoid injury to [herself]. . . ." *Griner v. Groover*, 97 Ga. App. 753, 757 (104 SE2d 504) (1958). The reasonable selection of a route of travel is a part of the invitee's duty to exercise ordinary care for her own safety. While an invitee need not necessarily choose the safest course across the owner/occupier's property, *Peacock v. Adams*, 118 Ga. App. 728 (165 SE2d 664) (1968), where an invitee voluntarily departs from the route designated and maintained by the owner/occupier for the invitee's safety and convenience, the degree of caution required by the invitee's duty to exercise ordinary care for her own safety is heightened by any increased risk resulting from that choice. Under such conditions, the invitee assumes the risk of those hazards existent in the selected route where the conditions do not constitute a hazard when the traversed property is used for its intended purpose, unless the hazard is common to both areas or the owner has notice that the unauthorized route is being regularly used improperly.

Even if the alleged parking lot or curb defect in this case was not completely visible upon ordinary inspection from the direction Gaydos approached it, she was aware of that *lack of visibility* and should have exercised greater caution for her own safety. Gaydos' failure to react to the diminished visibility of the parking lot beyond the curb, and conduct herself accordingly, itself constituted a failure to exercise ordinary care for her own safety. Consequently, she may not

recover from Grupe for her injuries resulting from that static defect, and the trial court thus properly granted summary judgment for Grupe.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 2, 1994.

*Parker & Terry, J. Steven Parker,* for appellant.
*Alston & Bird, Donna P. Bergeson, Elizabeth A. Gilley, A. Mc-Campbell Gibson,* for appellees.