### A97A0243. FARMER v. WHEELER/KOLB MANAGEMENT COMPANY.
(482 SE2d 475)

BLACKBURN, Judge.

Mary Virginia Farmer tripped and fell over a concrete bumper located in a parking lot owned by Wheeler/Kolb Management Company (Wheeler/Kolb). Farmer sued Wheeler/Kolb for the injuries she sustained in the fall, and the trial court granted summary judgment for Wheeler/Kolb. Arguing that the bumper was not visible because it blended in with the surrounding pavement and was obscured from view by parked cars, Farmer appeals the trial court's grant of summary judgment.[1]

The facts show that on August 13, 1994, Farmer visited the shopping center served by the Wheeler/Kolb parking lot. As she cut across the parking lot and maneuvered between a row of parked cars, Farmer tripped and fell on an elevated concrete bumper located at the front of a handicapped parking space. The weather was clear and sunny, and the incident occurred in the afternoon. Farmer testified that prior to her fall, she had been shopping at this particular shopping center two to three times per week for four or five years. She also testified that although she was looking down at the time of her fall, she did not see the concrete bumper because its color closely matched that of the surrounding asphalt.

"At the threshold of analysis in every such premises liability case stand two well-settled legal principles: First, the owners and occupiers of property are not insurers of the safety of their invitees; and, second, in order to prevail, the plaintiff must show that the owner or occupier of the premises had *superior* knowledge of the alleged defect which caused the plaintiff's fall." *Moore v. Kroger Co.*, 221 Ga. App. 520 (471 SE2d 916) (1996). Additionally, the rule always applies that owners and occupiers owe invitees a duty of ordinary care in keeping the premises safe. OCGA § 51-3-1.

Applying those principles to the facts of this case, summary judgment for Wheeler/Kolb was appropriate because Farmer could not show that Wheeler/Kolb had knowledge superior to her own of

---

[1] Farmer's appellate brief and enumeration of error were filed one day late, and Wheeler/Kolb moved to dismiss the appeal on this basis. Invoking our discretion pursuant to Court of Appeals Rule 26, the motion is denied.

the existence and placement of the concrete bumper which caused her fall. Farmer testified that approximately one year before her fall, the parking lot was resurfaced. She also testified that after the lot was resurfaced, the bumpers were added to the lot, and were placed only in the handicapped parking spaces. Farmer used the parking lot between two and three times a week prior to her fall, and was aware of the existence and location of the bumpers. "Under the conditions here set out, a person acting in the exercise of ordinary care for [her] own safety should have been aware that such a hazard to walking would be likely to exist. . . . Her means of knowledge being equal with that of the defendant, it follows that she has failed to show a right of recovery based upon the acts of negligence alleged." (Punctuation omitted.) *Backer v. Pizza Inn*, 162 Ga. App. 682, 683 (292 SE2d 562) (1982) (directed verdict for defendant affirmed where plaintiff tripped over railroad ties serving as parking barriers after seeing them and successfully negotiating them the same night).

Farmer's contention that she was looking at the bumper when she fell but could not see it because it was the same color as the surrounding asphalt does not render improper the grant of summary judgment. Objective evidence in the form of a black and white photograph contained in the appellate record clearly shows that the concrete bumper and the asphalt parking lot are made of sharply contrasting materials. See *Cowan v. Waffle House*, 217 Ga. App. 273, 274 (456 SE2d 762) (1995) (summary judgment for premises owner affirmed where black and white photos in the record clearly showed that alleged hazardous condition was visible, despite plaintiff's assertion that colors blended). The visibility of the bumpers is therefore established contrary to Farmer's position, without the necessity of weighing evidence or judging witness credibility. Accordingly, her argument does not require reversal of the grant of summary judgment.

In her affidavit in opposition to the motion for summary judgment, Farmer also claims that the parking bumper which she tripped over was obscured from her view by two parked cars. This statement is inconsistent with her deposition testimony, wherein she failed to mention that cars obstructed her view of the bumper when asked to describe her fall, and where she also claimed that the bumper which tripped her was in a handicapped space in which no car was parked. Without addressing these inconsistencies, we find that Farmer's assertion is governed adversely to her by our decision in *Gaydos v. Grupe Real Estate Investors*, 211 Ga. App. 811 (440 SE2d 545) (1994).

In *Gaydos*, the plaintiff was injured when she cut across the planted area instead of using the normal and intended route — a concrete walkway provided by the premises owner — to get where she was going. Because she voluntarily departed from the route des-

ignated and maintained by the premises owner for her safety and convenience, we held that any increased risk associated with that choice imposed upon her an equivalent duty to exercise a heightened degree of reasonable care for her own safety. Id. at 813. When the plaintiff sustained injuries from hazards existing on the short cut she had chosen, she failed to exercise ordinary care for her own safety by failing to take the safe course provided for her, and therefore was barred from recovering.

In this case, Farmer admitted that she tripped over the bumper as she was cutting through the parking lot, walking between parked cars. By departing from the aisle of the parking lot, Farmer left the normal pedestrian route provided for her safety and convenience, and assumed whatever heightened risks were associated with walking between individually parked cars, including the presence of concrete bumpers obstructed from view. In accordance with *Gaydos*, she was therefore charged with the duty to exercise a heightened degree of attention for her own safety. Id. at 813. "[Farmer's] failure to react to the diminished visibility . . . and conduct herself accordingly . . . constituted a failure to exercise ordinary care for her own safety." Id. Accordingly, summary judgment was appropriate for Wheeler/Kolb on this issue.

Under the standard of *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991), if a defendant who moves for summary judgment can point out by reference to the affidavits, depositions, and other evidence of record that there is no evidence sufficient to create a jury issue with respect to at least one essential element of plaintiff's case, viewing all evidence and reasonable inferences therefrom in a light most favorable to the non-moving party, without the necessity of weighing the evidence or determining the credibility of the witnesses, such defendant is entitled to summary judgment unless the plaintiff can come forward with specific evidence giving rise to a triable issue. Wheeler/Kolb presented evidence in support of its motion for summary judgment that Farmer failed to exercise reasonable care for her own safety, and that she had knowledge at least equal to Wheeler/Kolb's of the dangerous condition. Shifting the burden to Farmer, review of the entire record reveals no facts or reasonable inferences which may be drawn therefrom sufficient to raise a triable issue of fact as to either of these points. Accordingly, the trial court properly granted summary judgment for Wheeler/Kolb.

*Judgment affirmed. Johnson, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED FEBRUARY 25, 1997.

*Franklin H. Thornton*, for appellant.

*Webb, Carlock, Copeland, Semler & Stair, Douglas A. Wilde, James R. Doyle II*, for appellee.