## A01A2363. CHEEK v. NATIONAL AUTO SALES, INC.
### (558 SE2d 451)

ANDREWS, Presiding Judge.

Natalie Cheek appeals from the trial court's grant of National Auto Sales, Inc.'s motion for summary judgment on her complaint for damages after she fell trying to step under a chain in back of National's car lot. Because Cheek failed to show that she exercised reasonable care for her own safety, we affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). To obtain summary judgment, a defendant need not produce any evidence, but must only point to an absence of evidence supporting at least one essential element of the plaintiff's claim. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

The evidence in this case is not in dispute. According to Cheek's deposition testimony, she saw a van on National's lot as she was driving by and decided to stop and take a look at it. She was in a hurry, so instead of pulling into the dealership's parking lot, she drove down an access road that ran behind the dealership and parked her car. Leaving her three-year-old child and six-month-old child in the car, she "stooped" under a chain running between two poles and fell. Cheek said that she was looking at the ground but she did not see what caused her fall. Cheek admitted that at the time of the fall she was in a hurry, was carrying a Coke in one hand, and was wearing "blue-blocker" sunglasses.

National submitted pictures which Cheek acknowledged accurately depicted the area on the day she fell. The pictures show an obvious hole directly under the chain and also show that the area was fenced off with no access to the car lot from that street. National also submitted evidence that it was unaware of anyone improperly using this unauthorized route to come onto its lot.

National filed a motion for summary judgment, raising numerous defenses. The trial court granted the motion, determining that when Cheek departed from the authorized entry to the car lot, she assumed the risk of any hazards related to her unauthorized entry. This appeal followed.

In order to recover on a slip and fall claim, the plaintiff must show that she exercised the degree of care necessary under the circumstances to avoid injury to herself. *Sadtler v. Winn-Dixie Stores*, 230 Ga. App. 731, 732 (498 SE2d 101) (1998).

> The reasonable selection of a route of travel is a part of the invitee's duty to exercise ordinary care for her own safety. While an invitee need not necessarily choose the safest course across the owner/occupier's property, where an invitee voluntarily departs from the route designated and maintained by the owner/occupier for the invitee's safety and convenience, the degree of caution required by the invitee's duty to exercise ordinary care for her own safety is heightened by any increased risk resulting from that choice. Under such conditions, the invitee assumes the risk of those hazards existent in the selected route where the conditions do not constitute a hazard when the traversed property is used for its intended purpose, unless the hazard is common to both areas or the owner has notice that the unauthorized route is being regularly used improperly.

(Citation omitted.) *Gaydos v. Grupe Real Estate Investors*, 211 Ga. App. 811, 813 (440 SE2d 545) (1994).

In *Gaydos*, the plaintiff took a shortcut across a lawn instead of using a concrete walkway. The plaintiff argued the defect was not visible, but we held that her failure to react to the diminished visibility and conduct herself accordingly constituted a failure to exercise ordinary care for her own safety. Id.

> This Court has repeatedly cited and followed the principles established in *Gaydos* in cases where the plaintiff has deviated from a safe travel route and voluntarily traversed a more dangerous path. See *Farmer v. Wheeler/Kolb Mgmt. Co.*, 224 Ga. App. 834, 836 (482 SE2d 475) (1997) (summary judgment affirmed where pedestrian tripped over concrete as she was cutting across parking lot through parked cars rather than through the aisle of the parking lot); *MARTA v. Fife*, 220 Ga. App. 298, 301 (2) (469 SE2d 420) (1996) (denial of summary judgment reversed where plaintiff stepped off curb into drainage culvert when MARTA provided an area for picking up passengers but the plaintiff chose to use the street instead).

*Lowery's Tavern v. Dudukovich*, 234 Ga. App. 687, 691 (3) (507 SE2d 851) (1998).

Therefore, in accordance with *Gaydos* and related cases, Cheek was charged with the duty to exercise a heightened degree of attention for her own safety and assumed whatever heightened risks were associated with unnecessarily departing from the authorized entrance to National's car lot. *Id.*

The evidence discussed above shows that Cheek assumed the risk of any hazards when she chose to enter National's car lot by an unauthorized route and that Cheek failed to show that she exercised a heightened degree of reasonable care under the circumstances. Accordingly, National was entitled to summary judgment, and the trial court properly granted it.

*Judgment affirmed. Eldridge and Miller, JJ., concur.*

DECIDED DECEMBER 19, 2001.

*Roy B. Roberts,* for appellant.
*Conoscienti, Storm & Kendall, Michael C. Kendall,* for appellee.