## A03A2029. CHAMBLEE v. GRAYCO, INC.

(596 SE2d 683)

MILLER, Judge.

Elizabeth Chamblee appeals from the trial court's order granting summary judgment to her landlord Grayco, Inc. in this trip and fall case. We affirm.

On appeal from the grant of summary judgment, this Court conducts a de novo review of the record, construing the evidence and all inferences in favor of the nonmoving party. *Maddox v. Southern*

---

[17] OCGA § 23-1-7; *Brown v. Brown,* 271 Ga. 887 (525 SE2d 359) (2000).
[18] *Davis,* supra at 34.
[19] *McNeal,* supra at 838.

*Engineering Co.*, 231 Ga. App. 802, 803 (500 SE2d 591) (1998). Viewed in this light, the evidence showed that Chamblee was injured when she stepped from a sidewalk onto a partially exposed drainage pipe. The sidewalk led from her apartment to the parking lot where her car was parked. The pipe was adjacent to a sidewalk at the top of a series of four steps that led to the parking lot. At the time of her injury, Chamblee's son had left the apartment ahead of her. Chamblee, fearing that her son would pull on the car door and set off the alarm, stepped from the sidewalk with both feet so that she could see her son around a holly bush and tell him not to set off the alarm. She immediately fell and slid down the small hill, breaking her ankle.

Chamblee did not normally park in this lot and did not know whether she had ever used this particular sidewalk before. At the time of her fall, she was looking straight ahead or at her son. She had never seen the exposed pipe before and did not see it immediately before her fall. She never saw anyone walk through the area where she fell before her fall, and she had never walked through there before her fall.

A leasing consultant for the apartment complex testified that she examined the drainage pipe after Chamblee's fall. She observed that most of it was underground and that a small portion of it was exposed. She never noticed that the drainage pipe was exposed before Chamblee's fall and had never used the steps beside the exposed pipe before Chamblee's fall. She never saw anyone walking in the worn area next to the exposed pipe. In her opinion, the wear was caused by rain and weather. She admitted, however, that water would run through the drainage pipe and not over it. After Chamblee's fall, landscapers were instructed to cover up the exposed pipe. No ropes blocked off the area of Chamblee's fall, and tenants were allowed to walk on the grass if they chose to do so.

A service manager for the apartment complex testified that he had seen the exposed drainage pipe before Chamblee's fall. He never took any action to cover it because he did not view it as a hazard. He never saw tenants walking in the worn area beside the exposed pipe. In his opinion, it became worn by maintenance personnel, including himself, walking in the area and "picking up the grounds."

Grayco moved for summary judgment on two grounds: (1) Chamblee assumed the risk of her injury by voluntarily departing from the safe sidewalk and steps; and (2) the exposed drainage pipe was an open and obvious static condition that Chamblee should have observed. The trial court granted summary judgment to Grayco based on the first ground.

The "voluntary departure rule" relied upon by Grayco originated in *Gaydos v. Grupe Real Estate Investors*, 211 Ga. App. 811, 813 (440 SE2d 545) (1994). In *Gaydos*, a tenant cut across the grass to get to

her car in a parking lot instead of using the paved walkway. Id. at 811-812. She tripped and fell when she stepped down from the curb into the parking lot. Id. at 812. This Court held:

It is incumbent upon the plaintiff to use the degree of care necessary under the circumstances to avoid injury to herself. The reasonable selection of a route of travel is a part of the invitee's duty to exercise ordinary care for her own safety. While an invitee need not necessarily choose the safest course across the owner/occupier's property, where an invitee voluntarily departs from the route designated and maintained by the owner/occupier for the invitee's safety and convenience, the degree of caution required by the invitee's duty to exercise ordinary care for her own safety is heightened by any increased risk resulting from that choice. Under such conditions, the invitee assumes the risk of those hazards existent in the selected route where the conditions do not constitute a hazard when the traversed property is used for its intended purpose, unless the hazard is common to both areas or the owner has notice that the unauthorized route is being regularly used improperly.

(Citations and punctuation omitted.) Id. at 813.

We have applied this voluntary departure rule to preclude a plaintiff's recovery as a matter of law since the Supreme Court's decision in *Robinson v. Kroger Co.*, 268 Ga. 735 (493 SE2d 403) (1997). See *Williams v. Park Walk Apts.*, 253 Ga. App. 429 (559 SE2d 169) (2002) (plaintiff stepped in hole adjacent to grass sprinkler after leaving sidewalk to cut across the grass to get to her car); *Cheek v. Nat. Auto Sales*, 253 Ga. App. 114 (558 SE2d 451) (2001) (plaintiff tripped in hole while ducking under chain for access to a car dealership); *Lowery's Tavern v. Dudukovich*, 234 Ga. App. 687 (507 SE2d 851) (1998) (plaintiff fell into elevator shaft after walking into dark alley instead of using well-lit public sidewalk to reach his destination). Indeed, in *Williams* we held:

Absent evidence that the route prepared and designated by the landlord for ingress and egress was prohibitively unsafe or inaccessible, allowing liability when the plaintiff takes a shortcut over the grass would require [the] landlord to ensure that every possible route across his property [is] safe. This is not required under Georgia law.

Supra, 253 Ga. App. at 431.

In this case, it is undisputed that Chamblee voluntarily stepped from the sidewalk onto the exposed pipe. She contends, however, that the voluntary departure rule should not apply because this case falls within the exception based on the owner's notice that the unauthorized route is being regularly used improperly. She points to evidence that a worn area existed adjacent to the exposed pipe, that Grayco's maintenance employees walked in this area to pick up the grounds, and that they may have caused the wear. According to Chamblee, the existence of the worn path shows Grayco's constructive knowledge that the path was regularly being used by tenants.

However, the evidence only showed that maintenance employees may have caused the wear in the ground around the pipe while maintaining the grounds. There was no evidence that the unauthorized route was being used *improperly* (as a means of egress and ingress for example) on a regular basis. Therefore, as Chamblee assumed the risk of the hazard in taking the alternate route, we affirm the trial court's grant of summary judgment to Grayco.

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED MARCH 8, 2004.

*Buzzell, Graham & Welsh, Stephen M. Welsh,* for appellant.
*Hicks, Casey & Barber, William T. Casey, Jr., Sean M. Dunn,* for appellee.