## A12A0392. BARTLETT et al. v. McDONOUGH BEDDING COMPANY, INC.

(722 SE2d 380)

ELLINGTON, Chief Judge.

Lynwood Bartlett, who was injured when he fell down stairs in a shop leased by McDonough Bedding Company, Inc. ("McDonough"), brought this premises liability action against McDonough in the Superior Court of Henry County.[1] Following a hearing, the trial court granted McDonough's motion for summary judgment, and Bartlett appeals. Because the evidence of record establishes that Bartlett failed to exercise ordinary care for his own safety, we affirm.

To prevail on a motion for summary judgment, "the moving party must demonstrate that there is no genuine issue of material fact, so that the party is entitled to judgment as a matter of law[.]" (Citations and punctuation omitted.) *Cowart v. Widener*, 287 Ga. 622, 623 (1) (a) (697 SE2d 779) (2010).[2] In moving for summary judgment,

> a defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case, but may point out by reference to the evidence in the record that there is an absence of evidence to support any essential element of the nonmoving party's case.

(Citation and punctuation omitted.) Id.

> Summary judgments enjoy no presumption of correctness on appeal, and an appellate court must satisfy itself de novo that the requirements of OCGA § 9-11-56 (c) have been met. In our de novo review of the grant of a motion for summary judgment, we must view the evidence, and all reasonable inferences drawn therefrom, in the light most favorable to the nonmovant.

(Citations and punctuation omitted.) Id. at 624 (1) (a).

So viewed, the record shows the following undisputed facts. On the afternoon of May 5, 2007, a sunny day, the Bartletts visited the McDonough Bedding Company, a bedding and antiques shop. At the

---

[1] In the same action, Bartlett's wife, Sandra, asserted a claim for loss of consortium. The trial court's order applied to her claim as well, and she joins in this appeal.

[2] See OCGA § 9-11-56 (c) (Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.").

back of the shop, a stairwell connected the main level to a lower level where there was a bookshop. The stairwell was bounded on one side by the rear wall and on the other side by a half-height wall. The stairwell was illuminated by ceiling fixtures and by natural light through windows at the top and bottom of the stairs.

By agreement between McDonough and the proprietor of the bookshop, no one was permitted to use the stairs to travel between the two floors. Cecelia Lawrence, who worked in the shop, deposed that, on the day at issue, there was a chain across the top of the stairs, attached to the end of the half wall and to the rear wall. Merchandise, including a small table, a chair, and a fireplace screen, was displayed around the landing area at the top of the stairs.

In his deposition, Bartlett testified that, as he was looking at merchandise, he took a step, his left foot went down into the stairwell, and he fell backward. According to Bartlett, he was unaware of the stairwell's presence, despite lighting that was "sufficient" for viewing the merchandise in the landing area. When asked how he could have failed to see the stairwell, Bartlett deposed that merchandise on the floor in the landing area prevented him from seeing the stairs going down and that "things shouldn't have been covered up as well as they were[.]" In addition, he stated, "I was not looking for a stairway, so I didn't see one." Sandra Bartlett, who did not see her husband fall, deposed that, as she walked into the landing area to go to his aid, she had no trouble seeing the stairs because she was watching where she was going rather than looking at merchandise. In addition, she deposed that the fireplace screen was before the landing and that she had to walk around it to get to the stairs.

Under Georgia law,

> [a]n owner or occupier of land has a duty of exercising ordinary care to keep the premises and approaches safe for any invitees. OCGA § 51-3-1. However, an owner or occupier of land is not an insurer of an invitee's safety. Rather, the basis of an owner/occupier's liability to an invitee injured on the premises is the owner/occupier's superior knowledge of the condition that subjected the invitee to an unreasonable risk of harm. On the other hand, an invitee must exercise ordinary care to avoid the consequences of any such negligence on the part of an owner/occupier, and the failure to do so bars an invitee's recovery against the owner/occupier. OCGA § 51-11-7[.] . . . It is incumbent upon the plaintiff to use the degree of care necessary under the circumstances to avoid injury to [himself or] herself. The reasonable selection of a route of travel is a part of the invitee's duty to exercise

ordinary care for [his or] her own safety. While an invitee need not necessarily choose the safest course [through or] across the owner/occupier's property, where an invitee voluntarily departs from the route designated and maintained by the owner/occupier for the invitee's safety and convenience, the degree of caution required by the invitee's duty to exercise ordinary care for [his or] her own safety is heightened by any increased risk resulting from that choice. Under such conditions, the invitee assumes the risk of those hazards existent in the selected route where the conditions do not constitute a hazard when the traversed property is used for its intended purpose, unless the hazard is common to both areas or the owner has notice that the unauthorized route is being regularly used improperly.

(Citations and punctuation omitted.) *Gaydos v. Grupe Real Estate Investors*, 211 Ga. App. 811, 812-813 (440 SE2d 545) (1994). See *Chamblee v. Grayco, Inc.*, 266 Ga. App. 154, 156 (596 SE2d 683) (2004) (noting the continuing applicability of the voluntary departure rule following the Supreme Court of Georgia's decision in *Robinson v. Kroger Co.*, 268 Ga. 735 (493 SE2d 403) (1997)).

In this case, viewed in the light most favorable to Bartlett's contentions, the record shows that the static hazard[3] which led to his injuries lay just behind an array of merchandise arranged on the floor so tightly that it completely concealed an opening in the floor of the dimensions of the stairwell. Despite his inability to see beyond the merchandise, however, Bartlett continued to move in that direction. His attempt to walk between or over the thick clutter of merchandise, where there was not an aisle or clear area of floor visible, constituted a voluntary departure from the route designated and maintained by McDonough for customers' safety and convenience and imposed a heightened duty of care for his own safety.[4] Even if the opening to the stairwell was not visible from the direction

---

[3] A static defect is one that is not inherently dangerous or likely to cause injury until one drives or falls into it or trips over it. *Gaydos v. Grupe Real Estate Investors*, 211 Ga. App. at 813; *Hosp. Auth. of Ben Hill County v. Bostic*, 198 Ga. App. 500, 501 (402 SE2d 103) (1991); Charles R. Adams III, Ga. Law of Torts § 4:6 (c) (2) (2011-2012 ed.). A hazardous staircase is a static defect. *Mechanical Equip. Co. v. Hoose*, 241 Ga. App. 412, 413 (523 SE2d 575) (1999).

[4] See *Chamblee v. Grayco, Inc.*, 266 Ga. App. at 155-157 (An apartment complex owner was entitled to summary judgment where the plaintiff slipped and fell after voluntarily stepping off the sidewalk and onto a partially exposed drainage pipe that was adjacent to the sidewalk.); *Williams v. Park Walk Apartments*, 253 Ga. App. 429, 431 (559 SE2d 169) (2002) (An apartment complex owner was entitled to summary judgment where the plaintiff stepped in a hole adjacent to a grass sprinkler after leaving the sidewalk to walk across the grass to get to her car.); *Cheek v. Nat. Auto Sales*, 253 Ga. App. 114, 115-116 (558 SE2d 451) (2001) (A car dealership was entitled to summary judgment where the rear of the car lot was fenced off from an access road that ran behind the lot and where the plaintiff fell as she tried to step under a

Bartlett approached it, as he contends,

> [he] was aware of that *lack of visibility* and should have exercised greater caution for [his] own safety. [Bartlett's] failure to react to the diminished visibility of the [floor] beyond the [merchandise], and conduct [himself] accordingly, itself constituted a failure to exercise ordinary care for [his] own safety. Consequently, [he] may not recover from [McDonough] for [his] injuries resulting from that static defect, and the trial court thus properly granted summary judgment for [McDonough].

(Emphasis in original.) *Gaydos v. Grupe Real Estate Investors*, 211 Ga. App. at 813-814. "Further, the sole distraction [Bartlett] asserts, looking [at merchandise], cannot be accepted under the distraction theory because that was the very activity that brought him to [McDonough]." *Harper v. Kroger Co.*, 212 Ga. App. 570, 571 (443 SE2d 7) (1994).[5]

*Judgment affirmed. Phipps, P. J., and Dillard, J., concur.*

DECIDED JANUARY 24, 2012.

*John H. Ridley, Jr.,* for appellants.
*Smith, Welch, Webb & White, Marc A. Avidano,* for appellee.

---

chain stretched between two poles to reach the car lot from the access road.); see also *Lowery's Tavern v. Dudukovich*, 234 Ga. App. 687, 691-692 (3) (507 SE2d 851) (1998) (A building owner was entitled to summary judgment where the plaintiff walked down an unfamiliar alley, opened a service door at the side of an unknown building, stepped into a pitch-black doorway, and fell down an elevator shaft.).

[5] As the Supreme Court of Georgia explained,

when an invitee explains that he was not looking at the location of the hazard which caused injury because of something in the control of the owner/occupier, which purported distraction is of such a nature that the defendant might have anticipated that it would divert an invitee's attention, e.g., the conduct of a store employee, the premises construction or configuration, or a merchandise display of such a nature that its presence would not have been anticipated by the invitee, the invitee has presented some evidence that the invitee exercised reasonable care for the invitee's own safety. It will then be for the fact-finder to determine if the injury sustained was proximately caused by the defendant's negligence and whether the plaintiff failed to exercise reasonable care for personal safety.

*Robinson v. Kroger Co.*, 268 Ga. 735, 746 (2) (a) (493 SE2d 403) (1997).