A05A1107. ROZY INVESTMENTS, INC. v. BRISTOW.
(623 SE2d 171)

BARNES, Judge.

Rozy Investments, Inc. appeals the denial of its motion for summary judgment in the action filed by Louise Bristow after she tripped over a gasoline pump hose at one of Rozy Investments' stores. After Bristow filed her complaint to recover for the injuries she sustained in her fall, Rozy Investments answered and then filed a motion for summary judgment. Following the trial court's denial of the motion, Rozy Investments filed an application for an interlocutory appeal under OCGA § 5-6-34 (b), which this court granted.

On appeal, Rozy Investments contends the trial court erred by finding that a gas pump hose without a retrieval system is a hazardous condition, by finding that Bristow did not have equal or superior knowledge of the hazard in light of her use of the pumps for over 40 years and actual knowledge that a hose was present, and by finding that Bristow was not barred from recovering under the "plain view" doctrine. We disagree, and affirm.

1. The standards applicable to motions for summary judgment are announced in *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Further, when ruling on a motion for summary judgment, courts cannot resolve the facts or reconcile the issues, *Fletcher v. Amax, Inc.*, 160 Ga. App. 692, 695 (288 SE2d 49) (1981), and when reviewing the grant or denial of a motion for summary judgment, this court conducts a de novo review of the law and the evidence. *Desai v. Silver Dollar City*, 229 Ga. App. 160, 163 (1) (493 SE2d 540) (1997).

2. Giving Bristow the benefit of all reasonable doubt and construing the evidence and all inferences and conclusions therefrom in her favor, the evidence shows Bristow had been going to a Royal Foods store, owned by Rozy Investments, for 60 years. The gas pumps have been installed at the store for at least 20 years, and Bristow buys her gas there about once a month.

These gas pumps are the same pumps that the store has always had with the same type of hose. Bristow was aware of the presence of the hoses on the pumps, and that they were so long they could lie on the ground beside the pump. But she, as did most customers, placed

the excess hose on the pump island and not on the ground when she hung up the hose nozzle.

In March 2003, Bristow went to the Royal Foods store to purchase gas. It was raining, cold, and the wind was blowing. She used the middle pump on a three-pump island. As she walked to the front of her car on the way to pay her bill, she tripped on a coiled portion of hose from the first pump which had been left lying on the ground near the front of her car. Her foot caught in a loop of the hose that tripped her. The hose was black and the concrete it was lying on was gray or "black looking." When she tripped, Bristow was just starting to walk around the front of her car. Although she does not believe the rain contributed to her fall, there was "a river of rain" where she fell.

Bristow acknowledged in her deposition testimony that if she had been looking down at her feet she would have seen the hose, but she testified that she does not walk looking at her feet and said that if a person did that they would run into something. She also testified that there was not much space in the area, just room to walk, and that nothing distracted her from seeing the hose. When asked if the hose was in plain view, she replied, "If you look down."

3. As the trial court made no finding regarding whether the failure of the hose to retract was a dangerous condition, Rozy Investments' first enumeration of error is without merit. Its other enumerations will be discussed together below.

4. Because Rozy Investments installed or authorized the installation of the hoses and has maintained them for 40 years, it is presumed to have knowledge of the hoses' existence, including their length and the fact that they did not retract after being used by a customer. *Alterman Foods, Inc. v. Ligon*, 246 Ga. 620, 624 (272 SE2d 327) (1980). Thus, this is not a foreign substance slip and fall case, and Bristow may establish a cause of action by showing an act or omission by Rozy Investments which was the proximate cause of her injury and which she could not have avoided through the exercise of ordinary care. Id. In this State,

> [t]he owner or occupier of land is under a duty to invitees to discover and either keep the premises safe from or warn of hidden dangers or defects not observable to such invitees in the exercise of ordinary care. However, there is no duty to warn against obvious or patent dangers which may be observed and avoided by the exercise of ordinary care.

(Citations and punctuation omitted.) *Cowan v. Waffle House*, 217 Ga. App. 273, 275 (456 SE2d 762) (1995). Also, the evidence shows that Rozy Investments had actual knowledge of the length of the pump

hoses and that frequently parts of the hoses would lie on the pavement when the hose nozzle was returned to the gas pump. Accordingly, disposition of this appeal hinges on whether, as a matter of law, Bristow had equal or superior knowledge of the dangerous condition. Rozy Investments contends that the evidence establishes that Bristow had such knowledge. We disagree.

The evidence shows that Bristow had purchased gas at the Royal Foods store for years. She knew that the gas pumps had long hoses, and that part of a gas pump hose could lie on the pavement next to the gas pump island after the hose nozzle was reinserted into the gas pump. The evidence also shows that she and most customers would hang up the gas pump hoses in such a manner that the hose would lie only on the gas pump island and not on the surrounding pavement. Nevertheless, no evidence shows that in this instance Bristow knew before she fell that earlier customers had not placed the hose in a safe position.

In *Robinson v. Kroger Co.*, 268 Ga. 735, 740 (1) (493 SE2d 403) (1997), the court reiterated that

> [o]ne who owns or occupies land and by express or implied invitation, induces or leads others to come upon his premise for any lawful purpose, is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe. *While not an insurer of the invitee's safety, the owner/occupier is required to exercise ordinary care to protect the invitee from unreasonable risks of harm of which the owner/occupier has superior knowledge.* The owner/occupier owes persons invited to enter the premises a duty of ordinary care to have the premises in a reasonably safe condition and not to expose the invitees to unreasonable risk or to lead them into a dangerous trap. The owner/occupier is not required to warrant the safety of all persons from all things, but to exercise the diligence toward making the premises safe that a good business person is accustomed to use in such matters. *This includes inspecting the premises to discover possible dangerous conditions of which the owner/occupier does not have actual knowledge, and taking reasonable precautions to protect invitees from dangers foreseeable from the arrangement or use of the premises.*

(Citations and punctuation omitted; emphasis supplied.)

It is clear from the evidence and from its argument attributing knowledge of the hazard to Bristow that Rozy Investments had actual knowledge that its long gas pump hoses could create a hazard for its

customers, and that this hazard existed at this facility for many years. But Rozy Investments points to Bristow's deposition testimony that she, too, was aware for years of the extra length of the pump hoses; and that, implicitly as a consequence thereof, when she and most customers returned the pump nozzles to the pump they placed the hose on the gas pump island and did not let it lie partially on the adjacent concrete pavement. The only reasonable inference from Bristow's testimony is that she and most customers were careful to put the hose on the island because they were aware that a hazard would be created by leaving a portion of the hose on the pavement.

Our law, however, does not place upon the customers the responsibility for keeping a proprietor's premises safe; that duty belongs to the proprietor. OCGA § 51-3-1; *Robinson v. Kroger Co.*, supra, 268 Ga. at 741 (1). Further,

> [a]n invitee who responds to the owner/occupier's invitation and enters the premises does so pursuant to an implied representation or assurance that the premises have been made ready and safe for the invitee's reception, and the entering invitee is entitled to expect that the owner/occupier has exercised and will continue to exercise reasonable care to make the premises safe. [Cit.] It is in this light that an invitee's exercise of ordinary care for personal safety must be examined.

Id. Bristow was required to exercise ordinary care for her own safety and use ordinary care to avoid the effects of Rozy Investments' negligence once that negligence became apparent to her or in the exercise of ordinary care she should have become aware of it. Id. Thus, the "standard is whether, taking everything into account, the act is one which the common sense of mankind pronounces wants of such prudence as the ordinarily careful person would use in a like situation." (Citation and punctuation omitted.) Id. In so doing, Bristow was required to

> exercise ordinary care for [her] own safety, and must by the same degree of care avoid the effect of the merchant's negligence after it [became] apparent to [her] or in the exercise of ordinary care [she] should have learned of it. [She] must make use of all [her] senses in a reasonable measure amounting to ordinary care in discovering and avoiding those things that might cause hurt to [her].

(Citations and punctuation omitted.) *Alterman Foods, Inc. v. Ligon*, supra, 246 Ga. at 623. Our law does not require, however, that

Bristow keep her eyes firmly on the ground to meet that burden. *Robinson v. Kroger Co.*, supra, 268 Ga. at 742.

The evidence shows that Rozy Investments had greater knowledge than Bristow of the nature of the hazard created by the hoses lying on the concrete where customers might trip over them. No evidence shows that Rozy Investments had a program or policy in place to make sure that the hoses were in a safe place. All the evidence shows is that Bristow had known that, because of the pump hoses, a hazard *could* exist in that location, near the gas pumps, if a pump's hose was not returned to the proper location on the island. It does not establish that Bristow knew that in this instance the hose was there. Moreover, the evidence does not show the frequency with which the hoses were left in a dangerous location.

In *Robinson v. Kroger Co.*, supra, 268 Ga. at 743 (1), the Supreme Court disapproved of appellate decisions "which hold as a matter of law that an invitee's failure to see before falling the hazard which caused the invitee to fall constitutes a failure to exercise ordinary care." As a general rule an invitee is not required to look continuously at her feet for defects. The Supreme Court also explained the applicability of the "plain view" doctrine, as follows:

> The "plain view" doctrine is the equivalent of the "constructive knowledge" aspect of voluntary negligence on the part of the plaintiff. Voluntary negligence is applicable when the invitee knew or should have known of the hazard and proceeded, and the "plain view" doctrine is applied to a hazard in plain view at a location where it is customarily found and can be expected to be, but which the invitee professes not to have seen prior to the fall. Even though the invitee had no actual knowledge of the hazard before being injured, the invitee should have known of the hazard's presence.

Id. Moreover, as our Supreme Court also made clear in *Robinson v. Kroger Co.*, the plain view doctrine applies to *large* objects. Id. at 742. The fact that one can see the hose after the fall "is not dispositive of whether or not the injured invitee was exercising ordinary care for personal safety before the fall." (Citation omitted.) Id. at 743.

We must be mindful of the Supreme Court's admonition "that the 'routine' issues of premises liability, i.e., the negligence of the defendant and the plaintiff, and the plaintiff's lack of ordinary care for personal safety are generally not susceptible of summary adjudication, and that summary judgment is granted only when the evidence is plain, palpable, and undisputed." *Robinson v. Kroger Co.*, supra,

268 Ga. at 748 (2) (b). Given the conditions existing at the time of the fall, we do not find that this is such a "plain, palpable, and undisputed" case.

Accordingly, we must affirm the denial of Rozy Investments' motion for summary judgment.

*Judgment affirmed. Ruffin, C. J., and Johnson, P. J., concur.*

DECIDED NOVEMBER 8, 2005 — 

*Austin & Sparks, John B. Austin*, for appellant.
*Davison & Davison, F. Mayes Davison*, for appellee.

