A06A0488. WHITLEY v. H & S HOMES, LLC.

(632 SE2d 728)

RUFFIN, Chief Judge.

Kathlyne Whitley brought a negligence action against H & S Homes, LLC, after she fell and injured herself on H & S Homes' sales lot. The trial court granted H & S Homes' motion for summary judgment, and Whitley appeals. Finding no error, we affirm.

"Summary judgment is proper where there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law."[1] We review de novo a grant of summary judgment, and we view the evidence in the light most favorable to the nonmovant.[2] A defendant is entitled to summary judgment if it can demonstrate that there is no evidence to support at least one essential element of the plaintiff's case.[3]

Viewed favorably to Whitley, the evidence shows that on July 10, 2004, she and a friend went to the H & S Homes sales lot in Madison, Georgia to look at manufactured and modular houses. They were at the sales lot for two or three hours and looked at "every home on the lot." The sales lot had some paved sidewalks, but the houses were parked on a gravel surface. Whitley testified that while walking on a gravel surface at the lot, she "evidently stepped on some loose gravel

---

[1] *Bryant v. DIVYA, Inc.*, 278 Ga. App. 101 (628 SE2d 163) (2006).

[2] See id.

[3] See *Garrett v. Hanes*, 273 Ga. App. 894 (616 SE2d 202) (2005).

with [her] right foot, and [she] started to slide. And . . . [she] was trying to catch [herself] . . . but then [she] couldn't catch [herself]." Whitley struck the trailer hitch of one of the manufactured homes when she fell, breaking her leg. Whitley sued H & S Homes, alleging that the company's negligence in maintaining and inspecting the premises caused her fall. H & S Homes moved for summary judgment, arguing inter alia that Whitley could not recover because her "knowledge of the alleged static condition that resulted in her injuries was either equal to or greater than that of [H & S Homes]." The trial court granted the motion, and Whitley challenges this ruling on appeal.

The owner or occupier of premises must exercise ordinary care in keeping its premises and approaches safe for invitees.[4] Nonetheless, "proof of a fall, without more, does not give rise to liability on the part of a property owner or proprietor."[5] In order to recover, an invitee must show both that the proprietor had actual or constructive knowledge of a dangerous condition and that she, in the exercise of ordinary care, lacked knowledge of the dangerous condition due to actions or conditions within the proprietor's control.[6] "The true basis for an owner's liability is his superior knowledge of the existence of a condition that could subject his invitees to an unreasonable risk of injury."[7]

Whitley asserts that the dangerous condition on the H & S Homes sales lot was "loose gravel on [the] ground immediately adjacent to unbuffered metal trailer tongues." Assuming, without deciding, that this constituted a dangerous condition, we nonetheless agree that H & S Homes is entitled to judgment as a matter of law because Whitley cannot show that H & S Homes' knowledge was superior to her own.[8] Whitley's fall occurred during daylight hours. She admittedly could see the ground, and while some areas of the sales lot were paved, she knew the area where she was walking was "a rocky, dirt-type surface" covered in gravel. And she could see the trailer hitches and was aware of walking around them. Photographs in the record indicate that the hitches were large and visible.

Thus, Whitley had full knowledge of the condition of the area in which she was walking.[9] And she introduced no evidence that H & S Homes had superior knowledge of a dangerous condition at the sales lot; in fact, Pedro Tamayo, the salesperson who assisted Whitley that day, was unaware of anyone else falling at the Madison lot or at any

---

[4] See OCGA § 51-3-1.

[5] *Gibson v. Symbion, Inc.*, 277 Ga. App. 721, 722 (627 SE2d 84) (2006).

[6] See *Ford v. Bank of America Corp.*, 277 Ga. App. 708, 709 (627 SE2d 376) (2006).

[7] *Garrett*, supra at 895.

[8] See *Haggerty v. Hebron Baptist Church*, 273 Ga. App. 371, 373 (1) (615 SE2d 148) (2005).

[9] See id.; *Pound v. Augusta Nat., Inc.*, 158 Ga. App. 166, 168-169 (279 SE2d 342) (1981).

other sales lot during the 11 years he had worked for the company.[10] Because at least one essential element of Whitley's claim is not supported by the evidence, the trial court properly granted summary judgment to H & S Homes.[11]

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED JUNE 16, 2006.

*Fortson, Bentley & Griffin, J. Edward Allen, Jr., Jeffrey W. DeLoach*, for appellant.
*Francis C. Schenck*, for appellee.

---

[10] See *Garrett*, supra at 895-896.

[11] See id. at 896; *Lake v. Atlanta Landmarks*, 257 Ga. App. 195, 197 (570 SE2d 638) (2002).