A06A1462. WARD v. AUTRY PETROLEUM COMPANY.
(637 SE2d 483)

ELLINGTON, Judge.

David Ward sued Autry Petroleum Company for personal injuries sustained when he fell after stepping on a water hose that was on the pavement of Autry's service station parking lot. Autry moved for summary judgment on the basis that the water hose was an open and obvious hazard and that Ward knew of its presence prior to his fall. Ward appeals from the order of the Lowndes County Superior Court granting Autry's motion for summary judgment. Because jury issues exist as to whether Ward had knowledge of the hazard that was equal to Autry's and whether Ward failed to exercise reasonable care for his own safety, we reverse.

We apply a de novo standard of review to an appeal from a grant of summary judgment and view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. *Wentworth v. Eckerd Corp.*, 248 Ga. App. 94 (545 SE2d 647) (2001). A defendant may obtain summary judgment by showing an absence of evidence supporting at least one essential element of the plaintiff's claim. Id.

"Where an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe." OCGA § 51-3-1. In order to prevail on a premises liability claim, a plaintiff must prove that (1) the owner or proprietor had actual or constructive knowledge of the hazard and (2) the plaintiff lacked knowledge of the hazard despite exercising ordinary care. *Robinson v. Kroger Co.*, 268 Ga. 735, 736 (1) (493 SE2d 403) (1997). "The true basis of a proprietor's liability for personal injury to an invitee is the proprietor's superior knowledge of a condition that may expose the invitees to an unreasonable risk of harm. Recovery is allowed only when the proprietor had knowledge [of the hazard] and the invitee did not." (Footnote omitted.) *Christensen v. Overseas Partners Capital*, 249 Ga. App. 827, 828 (549 SE2d 784) (2001). Additionally, in a premises liability case, issues of the defendant's negligence, the plaintiff's negligence, and the plaintiff's lack of ordinary care for his own safety are generally not susceptible of summary adjudication. *Robinson v. Kroger Co.*, 268 Ga. at 748. Only where the evidence is plain, palpable, and undisputable can the trial court conclude that a party is entitled to judgment as a matter of law. Id.

The evidence, viewed in favor of Ward as the nonmovant, shows that at approximately 3:00 p.m. on December 2, 2002, an Autry employee arrived to work at the service station, which included a

convenience store. The employee parked her van so that it faced the convenience store and was perpendicular to the curb. She saw that a water hose was lying uncoiled on the pavement next to the store. Part of the hose ran along the curb and across two parking spaces to the left side of the employee's van. The employee knew that customers would be parking in the spaces near the hose. According to both the employee and the store manager, Autry employees were supposed to make sure the hose was coiled up on the sidewalk for "safety and tidiness" reasons. The store manager admitted that she knew before December 2002 that the hose was a tripping hazard when it was left uncoiled on the pavement. Even though the employee knew she was supposed to put away the hose when she arrived at work, however, she left the hose lying on the pavement as she had found it.

Approximately six hours later, between 8:00 and 9:00 p.m., Ward drove to the store and parked in a designated parking spot on the left side of the van. It was dark outside and, according to Ward, the area was dimly lit. He exited his car on the driver's side and went into the store. Ward testified that he was not sure whether he saw the hose when he parked his car and went into the store, but he admitted that he must have stepped over it on his way inside.

When Ward came out of the store, he walked toward the passenger's side of his car. Ward looked around and saw the hose on the ground near the driver's side of his car, but he did not realize the hose ran underneath his car to the passenger's side. Ward testified that he was unsure whether he looked down as he walked to his car. As he stepped off the curb between the employee's van and his car, Ward stepped onto a portion of the hose that was abutting the curb and hidden from his view. He fell and severely injured his foot. Ward testified that he did not see the hose between his passenger's side and the van before he stepped off the curb. Ward filed a premises liability suit against Autry, but the trial court granted Autry's motion for summary judgment.

On appeal, Ward contends the trial court erred in granting summary judgment because a jury issue existed on whether his knowledge of the hazard was equal to Autry's. It is undisputed that Autry had actual knowledge that the hose was uncoiled on the pavement along the curb prior to Ward's fall. Therefore, the only issue on appeal is whether the undisputed evidence shows that Ward had actual or constructive knowledge prior to his fall that the hose was on the ground near the passenger's side of his car.

1. Ward contends that a jury issue exists as to whether he had actual knowledge prior to his fall that the hose ran underneath his car and was on the ground between his passenger's side and the van. We agree. As shown above, Ward denied that he saw the hose lying between his car and the van prior to his fall. Autry argues, however,

that the hose was an open and obvious hazard that Ward *must* have seen when he pulled into the parking space and walked into the store. This dispute creates, at most, a jury issue as to whether Ward had actual knowledge of the hazard prior to his fall. Accordingly, Autry was not entitled to summary judgment on the basis of Ward's actual knowledge. *Robinson v. Kroger Co.*, 268 Ga. at 748; cf. *Right Stuff Food Stores v. Gilchrist*, 279 Ga. App. 784, 786 (632 SE2d 405) (2006) (defendant was entitled to summary judgment after plaintiff admitted that she saw and attempted to avoid the "very visible" gasoline hose lying on the ground before she tripped over it and fell).

2. Ward also argues that a jury issue exists as to whether he had constructive knowledge that the hose was on the ground between his car and the van. For the following reasons, we agree.

(a) Ward argues that, even if he had actual knowledge that the hose was on the ground near the driver's side of his car, that does not mean that he had constructive notice that the hose also ran along the curb on the passenger's side. As we have held, it is the plaintiff's knowledge of the *specific* hazard which caused the fall that determines whether the plaintiff can prevail on a premises liability claim, not merely the plaintiff's knowledge of generally prevailing hazardous conditions or of other hazardous conditions in the area which plaintiff observes and avoids. See *Jackson v. Waffle House*, 245 Ga. App. 371, 374 (2) (537 SE2d 188) (2000). In *Jackson*, the plaintiff tripped and fell on a "rough and uneven" spot in the parking lot of the defendant's restaurant. Id. at 372. The plaintiff admitted that she had traversed the parking lot many times over the years and was "well aware" of the overall poor condition of the lot. Id. Nevertheless, this Court ruled that the defendant was not entitled to summary judgment, because the evidence did not show as a matter of law that the plaintiff had constructive notice of the specific hole in which she tripped. Id. at 374 (2). See also *Belcher v. Kentucky Fried Chicken Corp.*, 266 Ga. App. 556, 560 (2) (597 SE2d 604) (2004) (physical precedent only) (after plaintiff was told that she should use the men's restroom because the ladies' restroom had been flooded by an overflowing toilet, she fell in the men's room, which had also been flooded by water running from the ladies' room; whether plaintiff had constructive notice of the specific hazard that caused her fall — the water in the men's room — was for the jury to decide); *Laffoday v. Winn Dixie Atlanta*, 235 Ga. App. 832, 834 (510 SE2d 598) (1998) (although the plaintiff knew that water was present on the floor near the produce preparation area, she did not know about the *particular* wetness that caused her to slip and fall; therefore, whether she should have seen the wetness before she slipped was a question for the jury).

Accordingly, even if Ward knew that there was a general hazard in the area, i.e., an uncoiled hose near the driver's side of his car, a jury

issue exists as to whether Ward should have also known that the hose ran under his car and was on the ground between the passenger's side of his car and the employee's van.

(b) In a related argument, Ward contends that the fact that he successfully traversed the hose on the driver's side of his car while he walked into the store does not mean that he had constructive notice of the hazard, because he took a different route to his car when he left the store. As noted above, constructive knowledge is not necessarily imputed to an invitee who successfully traverses an area, but then slips or trips on a hazard while taking a different route across the same general area. See *Jackson v. Waffle House*, 245 Ga. App. at 374 (2); *Gourley v. Food Concepts*, 229 Ga. App. 180, 182 (493 SE2d 587) (1997) (although the plaintiff's son told her that he had slipped near the food bar, the plaintiff did not slip or notice any foreign substance on the floor when she walked from her table to the food bar; when she returned to the food bar later via a different route, however, she slipped on some soapy water and fell; the Court held that whether she had constructive knowledge that the floor might be slippery in that area was a jury question); *Cedartown-Polk County Hosp. Auth. v. Watwood*, 195 Ga. App. 321, 322 (393 SE2d 476) (1990) (the plaintiff ascended the "very wide" stairway outside the hospital's entrance without incident, then slipped on some rock salt while walking down the other side of the same stairway a few minutes later; the Court declined to hold as a matter of law that the plaintiff had constructive knowledge of the hazard based upon her previous use of a different side of the stairway).

Under the circumstances in this case, we cannot say as a matter of law that Ward had constructive knowledge of a hazard on the passenger's side of his car simply because he had previously traversed the hazard while walking from the driver's side of his car into the store.

(c) Ward also contends that Autry was not entitled to summary judgment under the "plain view" doctrine. Under this doctrine, an invitee has a duty to look where he is walking and is imputed with constructive knowledge of large objects which are in plain view at a location where they are customarily found and expected to be. *Robinson v. Kroger Co.*, 268 Ga. at 742 (1). It follows that, when an invitee trips over an object that fits this description, he cannot recover for his injuries, even if he did not actually see the object before he tripped. See id. at 743 (1) (noting that the plain view doctrine may be used to show that the plaintiff had constructive knowledge of the hazard, which is a necessary element in establishing the plaintiff's voluntary negligence). When there is conflicting evidence on whether the object fits this description, however, the defendant is not entitled to summary judgment, and the issue of whether the plaintiff should have

seen the object in the exercise of ordinary care is for the jury. *Rozy Investments v. Bristow*, 276 Ga. App. 278, 282 (4) (623 SE2d 171) (2005). The facts of the instant case are comparable to those in *Rozy Investments*, in which the plaintiff parked at a service station island that had three gasoline hoses. Id. at 279 (2). After she pumped gas into her car using the middle hose, she walked toward the front of her car on the way to pay for the gas and tripped over one of the adjacent hoses, which had been left lying on the pavement near the front of her car. Id. The evidence showed that the defendant knew that its hoses were long enough that they could lie on the ground beside the pump, where they could create a hazard for their customers. Id. at 278-281. Although the plaintiff admitted knowing that the hoses could be a hazard if they were lying on the pavement instead of on the island, there was no evidence that she knew that a hose had actually been left lying on the pavement on the day of her fall. Id. at 282 (4). Because the evidence did not establish as a matter of law that the plaintiff should have seen the hose under the plain view doctrine, the Court held that the defendant was not entitled to summary judgment. Id.

Similarly, in the present case, it is undisputed that the Autry employee left the water hose lying on the pavement along the curb in an area where she knew customers might park, instead of properly coiling the hose on the sidewalk, as she had been instructed to do. Whether the hose was a "large object[ ] [which was] in plain view . . . at a location where [it was] customarily [found] and expected to be" so that Ward should have seen or at least anticipated the hose in the exercise of ordinary care was a question for the jury. (Citation and punctuation omitted.) *Robinson v. Kroger Co.*, 268 Ga. at 742 (1). Therefore, Autry was not entitled to summary judgment based upon the plain view doctrine. *Rozy Investments v. Bristow*, 276 Ga. App. at 282 (4).

3. Ward also argues that Autry was not entitled to summary judgment even if he would have been able to see the hose and avoid his fall if he had looked down at the ground before he stepped off the curb. He argues that, under the circumstances presented, the issue of whether he failed to exercise ordinary care for his safety by stepping off the curb without looking is a jury issue. We agree.

"[A]n invitee need not look continuously at the ground for defects because the invitee is entitled to assume that the owner/occupier has exercised reasonable care to make the premises safe." (Punctuation and footnote omitted.) *Christensen v. Overseas Partners Capital*, 249 Ga. App. at 830 (2). Therefore,

> an invitee's failure to exercise ordinary care is not estab-
> lished as a matter of law by the invitee's admission that he
> did not look at the site on which he placed his foot or that he

could have seen the hazard had he visually examined the floor before taking the step which led to his downfall. Rather, the issue is whether, taking into account all the circumstances existing at the time and place of the fall, the invitee exercised the prudence the ordinarily careful person would use in a like situation.

(Footnote omitted.) Id. See also *Rozy Investments v. Bristow*, 276 Ga. App. at 281-282 (4) (accord); *Jackson v. Waffle House*, 245 Ga. App. at 375 (2) (accord). In this case, the jury must decide whether Ward failed to exercise ordinary care for his safety, and summary judgment was improper. *Rozy Investments v. Bristow*, 276 Ga. App. at 281-282 (4); *Jackson v. Waffle House*, 245 Ga. App. at 375 (2); cf. *Denham v. Young Men's Christian Assn. &c.*, 231 Ga. App. 197, 199 (499 SE2d 94) (1998) (holding that plaintiff failed to exercise ordinary care as a matter of law, when the evidence showed the plaintiff fell after stepping into swirling water in a Jacuzzi tub when she did not know where the steps were located).

*Judgment reversed. Johnson, P. J., and Miller, J., concur.*

DECIDED OCTOBER 13, 2006 —

*Durham, McHugh & Duncan, William M. McHugh, Jr.*, for appellant.

*Sundberg & Hessman, Robert L. Hessman*, for appellee.