A07A0571. KENNESTONE HOSPITAL, INC. v. HARRIS et al.
(646 SE2d 490)

BERNES, Judge.

This case arose when Michael B. Harris, during the course of making a delivery, slipped and fell on loose telephone books lying on the loading dock at Kennestone Hospital. Harris and his wife subsequently sued the hospital for negligence and loss of consortium. The hospital moved for summary judgment on the grounds that there was no genuine issue of material fact over its own negligence and Harris' contributory negligence. The trial court denied the motion but certified its order for immediate review, and we granted the application. We now affirm.

> We apply a de novo standard of review to an appeal from a grant of summary judgment and view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. A defendant may obtain summary judgment by showing an absence of evidence supporting at least one essential element of the plaintiff's claim.

(Citations omitted.) *Ward v. Autry Petroleum Co.*, 281 Ga. App. 877 (637 SE2d 483) (2006). See also *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

Construed in the light most favorable to Harris as nonmovant, the record reflects that at the time of the slip-and-fall incident, Harris worked as an independent contractor for Federal Express. Harris owned his own delivery truck and operated two delivery routes in Kennesaw and Marietta. As part of one of his routes, he made daily pick ups and deliveries to the loading dock at Kennestone Hospital.

On a clear and sunny day around 12:30 p.m., Harris backed his delivery truck into the hospital loading dock. The dock was L-shaped and contained three loading bays. Harris backed his truck into the far left bay near the double doors leading into the shipping and receiving department, such that both the side passenger door and back door of the truck were next to the dock.

Harris was training another driver, who went into the hospital for the delivery. After the trainee had already gone into the hospital receiving area, Harris realized that he needed to pick up a package from the hospital. Consequently, he opened the passenger door and stepped with his left foot directly from his truck onto the loading dock.

On the dock were pallets of shrinkwrapped telephone books, which Harris had seen on the dock for the past seven to ten working days. The pallets were about four to six feet tall and contained telephone books for the entire hospital. After Harris stepped onto the dock with his left foot, he was directly in front of one of the pallets, which was approximately ten inches away from the ledge of the dock. In one fluid motion, he then attempted to step around the pallet with his right foot. However, because of the height and position of the pallet and the angle at which he was positioned, Harris could not see where he was stepping, and he stepped on one or more phone books lying on the floor between the pallets. When his foot hit the phone books, Harris slipped and fell off the loading dock onto the asphalt floor of the loading bay. As a result of the fall, Harris injured his wrist and knee and could no longer make deliveries for Federal Express.

Harris and his wife thereafter commenced this action against Kennestone Hospital for negligence and loss of consortium. Kennestone Hospital answered and moved for summary judgment on the grounds that there was no genuine issue of material fact over its own negligence and Harris' contributory negligence. The trial court denied the motion in a summary order, leading to this appeal by Kennestone Hospital.

Under OCGA § 51-3-1, an owner or occupier of land has a duty to exercise ordinary care in keeping the premises and approaches safe. See *Lee v. Food Lion*, 243 Ga. App. 819, 820 (534 SE2d 507) (2000). On the other hand, "an owner or occupier of land is not an insurer of the safety of its invitees. The mere occurrence of an injury does not create a presumption of negligence." (Citations omitted.) Id. Mindful of these principles, Georgia courts have fashioned a two-prong test that must be met for a plaintiff to prevail on a premises liability claim. The "plaintiff must prove that (1) the owner or proprietor had actual or constructive knowledge of the hazard and (2) the plaintiff lacked knowledge of the hazard despite exercising ordinary care. *Robinson v. Kroger Co.*, 268 Ga. 735, 736 (1) (493 SE2d 403) (1997)." *Ward*, 281 Ga. App. at 877. "The true basis of a proprietor's liability for personal injury to an invitee is the proprietor's superior knowledge of a condition that may expose the invitees to an unreasonable risk of harm. Recovery is allowed only when the proprietor had knowledge and the invitee did not." (Citation, punctuation and emphasis omitted.) *Brad Bradford Realty v. Callaway*, 276 Ga. App. 648, 650 (624 SE2d 179) (2005).

Additionally, in a premises liability case, issues of the defendant's negligence, the plaintiff's negligence, and the plaintiff's lack of ordinary care for his own safety are generally not susceptible of summary adjudication. Only where the evidence is plain, palpable, and undisputable can the trial court conclude that a party is entitled to judgment as a matter of law.

*Ward*, 281 Ga. App. at 877, citing *Robinson*, 268 Ga. at 748. With these principles in mind, we turn to the parties' contentions in the present case.

1. *Whether the Hospital Had Actual or Constructive Knowledge of the Hazard.* Kennestone Hospital asserts that Harris failed to present any evidence showing that the hospital had actual or constructive knowledge of the alleged hazard, the loose telephone books lying on the floor. We agree with the hospital that there is no evidence it had actual knowledge of the alleged hazard. But, the record does reflect a genuine issue of material fact over whether the hospital had constructive knowledge.

(a) Harris presented no evidence that any hospital personnel had actual knowledge of the loose telephone books lying on the loading dock that he slipped and fell on. Jamel Goodson, head of the shipping and receiving department, testified during his deposition that it was a "possibility" that at some point while the pallets were in the loading dock he or his staff may have picked up some phone books off of the floor and placed them back on the pallets. However, "[g]uesses or speculation which raise merely a conjecture or possibility are not sufficient to create even an inference of fact for consideration on summary judgment." (Citation and punctuation omitted.) *Heath v. Rush*, 259 Ga. App. 887, 888 (578 SE2d 564) (2003). Furthermore, there was no testimony from Goodson or any other hospital personnel concerning the specific phone books at issue here, which clearly were never picked up. As such, we conclude that Harris failed to come forward with proof that the hospital had actual knowledge of the alleged hazard.

(b) We reach a different result with respect to the issue of constructive knowledge. Under Georgia law,

[c]onstructive knowledge may be inferred when there is evidence that the owner lacked a reasonable inspection procedure. In order to prevail at summary judgment based on lack of constructive knowledge, the owner must demonstrate not only that it had a reasonable inspection program in place, but that such program was actually carried out at the time of the incident.

(Citations omitted.) *Pylant v. Samuels, Inc.*, 262 Ga. App. 358, 359-360 (1) (585 SE2d 696) (2003). See also *Chastain v. CF Ga. North DeKalb, L.P.*, 256 Ga. App. 802, 803 (569 SE2d 914) (2002); *Matthews v. The Varsity*, 248 Ga. App. 512, 513-514 (2) (546 SE2d 878) (2001).

Here, Steven Pierce, the hospital facility director, testified generally that the hospital's facilities management staff inspected and cleaned the loading dock three times a day. But, there was no testimony or documentary evidence presented by the hospital reflecting that any inspections had actually been carried out on the day of the incident. "Under these circumstances, a jury must decide whether [the hospital] breached its duty to keep its premises in a reasonably safe condition by failing to conduct or by negligently conducting inspections of its premises." (Citations omitted.) *Pylant*, 262 Ga. App. at 360 (1). See *Avery v. Cleveland Ave. Motel*, 239 Ga. App. 644, 646 (2) (521 SE2d 668) (1999); *Ingles Markets v. Martin*, 236 Ga. App. 810, 811-812 (513 SE2d 536) (1999).

Additionally, "constructive knowledge can be demonstrated by showing that an employee was positioned in the immediate vicinity and had the opportunity and means to discover and remove the hazard." (Citation omitted.) *Lee*, 243 Ga. App. at 821. "However, showing that an employee was merely working in the area of a foreign substance is not enough. The employee must have been in a position to have easily seen and removed the substance." (Citation omitted.) *Lovins v. Kroger Co.*, 236 Ga. App. 585, 586 (1) (b) (i) (512 SE2d 2) (1999). See also *Hardee's Food Systems v. Green*, 232 Ga. App. 864, 866-867 (1) (a) (502 SE2d 738) (1998).

Harris presented sufficient evidence that hospital personnel were in the immediate vicinity and had the opportunity and means to discover and remove the loose telephone books on the loading dock floor. It is true that Harris testified that no one else was on the dock when he fell, and no witnesses actually saw him fall. But Pierce, the facility director, testified that hospital employees from the shipping and facilities management departments came out onto the loading dock frequently in carrying out their various job responsibilities. In this regard, Pierce testified that it was a "correct assumption" that hospital personnel from these departments "were in and around that loading dock some 36 to 48 times per hour if you multiplied the people times the visits." Furthermore, Pierce testified that because of the location of the pallets on the dock, hospital personnel who came out onto the loading dock would have walked past the two pallets of telephone books "often." We conclude that this circumstantial evidence, when construed in the light most favorable to Harris, creates a genuine issue of material fact over whether hospital personnel were in a position to have easily seen and removed the loose phone books that had slid out from the pallet. See *McCullough v. Kroger Co.*, 231

Ga. App. 453, 454-455 (498 SE2d 594) (1998). Compare *Lovins*, 236 Ga. App. at 586 (1) (b) (i). Accordingly, Harris came forward with sufficient evidence to create a jury issue over whether Kennestone Hospital had constructive knowledge of the loose telephone books.

2. *Whether Harris Lacked Knowledge of the Hazard Despite Exercising Ordinary Care.* Kennestone Hospital further argues that Harris failed to present sufficient evidence showing that he lacked knowledge of the hazard despite exercising ordinary care. Specifically, the hospital argues that Harris cannot meet his burden as to this prong of the premises liability test because Harris' knowledge of the hazard was equal to or superior to that of the hospital; Harris chose to take an unauthorized route onto the loading dock rather than a safer designated route available to him; and Harris would have easily seen the hazard, had he looked where he was stepping with his foot. We will address these arguments each in turn.

(a) The hospital first contends that Harris' knowledge of the hazard was equal to or superior to that of the hospital, and that his claim failed on that ground. The record reflects that Harris had been to the loading dock on multiple occasions to make deliveries, and he had observed the pallets of telephone books on the dock for the past seven to ten working days. On the other hand, Harris testified that whenever he had observed and walked by the shrinkwrapped pallets on previous occasions, he had never seen any loose telephone books lying on the floor. Given this testimony reflecting that Harris was unaware of the specific hazard at issue, the hospital was not entitled to summary judgment.

> [I]t is the plaintiff's knowledge of the specific hazard precipitating a slip and fall which is determinative, not merely his knowledge of the generally prevailing hazardous conditions or of hazardous conditions which plaintiff observes and avoids. Indeed, we have, on numerous occasions, reversed the grant of summary judgment to a defendant when the record did not clearly substantiate that the plaintiff had successfully negotiated the hazard [on prior occasions].

(Punctuation and footnotes omitted.) *Barton v. City of Rome*, 271 Ga. App. 858, 861 (610 SE2d 566) (2005). See also *Sacker v. Perry Realty Svcs.*, 217 Ga. App. 300, 301-302 (457 SE2d 208) (1995); *Union Camp Corp. v. Dukes*, 217 Ga. App. 95, 97 (456 SE2d 645) (1995).

(b) The hospital next contends that Harris cannot recover because he could have easily avoided the pallets altogether if he had taken the safe designated route into the hospital, namely, the set of stairs leading directly from the loading bay into the hospital receiving area. Under the voluntary departure rule, an owner of land is entitled

to summary judgment if he demonstrates that the plaintiff voluntarily deviated from the safe designated travel route and instead took a more dangerous unauthorized route, resulting in the plaintiff's slip and fall. See *Brad Bradford Realty*, 276 Ga. App. at 650-651; *Cheek v. Nat. Auto Sales*, 253 Ga. App. 114, 115-116 (558 SE2d 451) (2001); *Gaydos v. Grupe Real Estate Investors*, 211 Ga. App. 811, 813 (440 SE2d 545) (1994). The rule, however, does not apply if the route taken by the plaintiff was an authorized one, or if the route was unauthorized but the owner had notice that it was routinely being used improperly. See *Brad Bradford Realty*, 276 Ga. App. at 650-651; *Caswyck JSB, LLC v. Crowe*, 265 Ga. App. 316, 319 (2) (593 SE2d 758) (2004).

In the present case, there was testimony that the route taken by Harris was an authorized one and was routinely used. Notably, Harris testified that the dock area where he slipped and fell was "designed for deliveries to come out of the side of a truck" given the special type of posts arising out of the dock in that area. This testimony was within Harris' specialized knowledge as a Federal Express deliveryman. Harris also testified that the hospital "had left a walkway to walk in and out" between the two pallets of telephone books where he slipped, which indicated that "[i]t wasn't out of the ordinary to take this path." In light of this testimony, there is a genuine issue of material fact over whether Harris' negligence claim is barred by the voluntary departure rule that must be resolved by a jury. See *Brad Bradford Realty*, 276 Ga. App. at 650-651; *Caswyck JSB, LLC*, 265 Ga. App. at 319 (2).

(c) Finally, the hospital argues that Harris is not entitled to recover because he would have easily seen the loose telephone books, had he watched where he was going and looked where he was placing his foot. But, under *Robinson*, 268 Ga. at 748 (2) (b), "the plaintiff's lack of ordinary care for personal safety is generally not susceptible of summary adjudication but is a question for the jury to resolve." *Augusta Country Club v. Blake*, 280 Ga. App. 650, 656 (1) (c) (634 SE2d 812) (2006). Thus, the hospital "cannot establish as a matter of law that [Harris] failed to exercise ordinary care merely by showing that [he] admitted that [he] did not look at the site on which [he] placed [his] foot or that [he] could have seen the hazard had [he] visually examined the ground before taking the step which led to [his] downfall." (Citation omitted.) *Murray v. Fitzgerald Convenient Centers*, 239 Ga. App. 799, 801 (1) (a) (521 SE2d 915) (1999), quoting *Robinson*, 268 Ga. at 748 (2) (b). Construing the evidence and all inferences therefrom in his favor, Harris was unaware of the loose phone books; it was difficult if not impossible for him to see the loose books from where he was standing; and he slipped and fell while stepping into a walkway made between two of the pallets, an area a

reasonable person might believe would be free of debris or hazardous loose items. Under these circumstances, summary judgment in favor of the hospital would be inappropriate. See *Augusta Country Club*, 280 Ga. App. at 656 (1) (c); *Moore v. WVL Restaurant*, 255 Ga. App. 762, 764 (566 SE2d 465) (2002).

For these combined reasons, we conclude that the trial court committed no error in denying Kennestone Hospital's motion for summary judgment. There are genuine issues of material fact in this premises liability case that must be weighed and resolved by a jury, rather than this Court or the court below.

*Judgment affirmed. Blackburn, P. J., and Ruffin, J., concur.*

DECIDED MAY 15, 2007.

*Downey & Cleveland, William C. Anderson*, for appellant.
*Patrick A. Dawson*, for appellees.