A07A0650. ORFF v. STONEWOOD RESTAURANT GROUP, LLC.
(646 SE2d 702)

RUFFIN, Judge.

After Natalie Orff fell at a restaurant owned by Stonewood Restaurant Group, LLC, she brought a premises liability action against the company, alleging that it negligently allowed a dangerous condition to exist on its premises. Stonewood Restaurant moved for summary judgment, arguing that it lacked superior knowledge of any alleged hazard. The trial court granted the motion, and Orff challenges this ruling on appeal. Finding no error, we affirm.

We conduct a de novo review of the trial court's grant of summary judgment.[1] In so doing, we view the evidence in a light most favorable to the nonmoving party.[2] Summary judgment is appropriate when there is no genuine issue of material fact and the record reveals that the moving party is entitled to judgment as a matter of law.[3]

Viewed favorably to Orff, the evidence shows that she dined at the restaurant on August 14, 2004. Before being seated, Orff waited with her husband and friends at the hostess station. In order to get to her booth, Orff had to negotiate a single step to reach the elevation of the booths. Orff remained at the restaurant for approximately two hours. As she was leaving the dining area, Orff stopped to talk to friends who were seated in another booth. As Orff turned to leave, she fell from the step, injuring her back. According to Orff, she was unable to see the step because "[t]here was absolutely no depth perception whatsoever." Upon further questioning, Orff stated that before she

---

[1] See *Whitley v. H & S Homes*, 279 Ga. App. 877 (632 SE2d 728) (2006).

[2] See id.

[3] See id.

fell she had been looking "[s]traight ahead" to where her dinner companions were waiting by the hostess stand. Orff also conceded that if she had looked down, she likely would have seen the step as there was nothing obstructing her view and she knew she had to descend a step to reach the hostess stand.

Stonewood Restaurant moved for summary judgment, arguing inter alia that the step was not hazardous and, even if it was, the company lacked superior knowledge of the alleged hazard. Stonewood Restaurant also pointed to the fact that Orff had already successfully traversed the step and was thus presumed to have knowledge of it. In response, Orff argued that as an invitee, she was not required to monitor every step that she took in the restaurant and that the fact that she successfully navigated the step once did not bar her recovery. She also suggested that the restaurant was negligent per se as the step violated applicable building codes. In support of her argument, Orff attached the affidavit of Jeffrey Gross, an expert witness who testified that the restaurant's failure to have a rail installed violated applicable building codes.

The trial court ruled in favor of Stonewood Restaurant, concluding that Orff, who successfully navigated the step earlier in the evening, was precluded from recovery. Orff appeals, arguing that jury questions remain regarding whether her knowledge of the hazard was equal to or superior to that of the restaurant and whether the restaurant had constructive knowledge of a hidden defect.[4] We find no error.

As a general rule, owners or occupiers of land are not insurers of the safety of invitees.[5] In a premises liability case, such as this one, the mere fact that Orff fell, without more, does not give rise to liability on the part of Stonewood Restaurant.[6] The true basis of the proprietor's liability for an injury to its "invitee is the *proprietor's superior knowledge of a condition that may expose the invitees to an unreasonable risk of harm.* Recovery is allowed only when the proprietor had knowledge and the invitee did not."[7] With regard to a claim involving

---

[4] We note that although Orff's brief enumerates two errors, the argument section of the brief does not track the errors as enumerated in violation of this Court's rules. See Court of Appeals Rule 25 (c) (1). We take this opportunity to remind counsel that the " 'requirements as to the form of appellate briefs were created, not to provide an obstacle, but to aid parties in presenting their arguments in a manner most likely to be fully and efficiently comprehended by this Court.' " *Ray v. Ford Motor Co.*, 237 Ga. App. 316 (514 SE2d 227) (1999). Here, as both enumerations essentially challenge the trial court's grant of summary judgment, we address the claims together.

[5] See *Bryant v. DIVYA, Inc.*, 278 Ga. App. 101, 102 (628 SE2d 163) (2006); *Garrett v. Hanes*, 273 Ga. App. 894, 895 (616 SE2d 202) (2005).

[6] See *Bryant*, supra.

[7] (Emphasis in original.) Id.

a static defect, such as a raised platform in a restaurant, we have held that when a patron has earlier negotiated the alleged dangerous condition without incident, such patron "is presumed to have knowledge of it and cannot recover for a subsequent injury resulting therefrom."[8]

Orff nonetheless argues that the mere fact she had managed to negotiate the step on a single occasion should not preclude her recovery. Indeed, this Court has held in certain circumstances that the fact an invitee has managed to avoid a hazard on a previous occasion will not always bar recovery.[9] Generally, this is because a condition has changed such that a new hazard is essentially presented.[10] As we have held,

> it is the plaintiff's knowledge of the *specific* hazard which caused the fall that determines whether the plaintiff can prevail on a premises liability claim, not merely the plaintiff's knowledge of generally prevailing hazardous conditions or of other hazardous conditions in the area which plaintiff observes and avoids.[11]

Here, Orff fell on the same step she used to reach her booth; having looked down entering the restaurant to step up, she should have known she would have to step down upon exiting the area where her friends were seated. Accordingly, she had equal knowledge of the specific hazard, which ultimately caused the fall. Under these circumstances, her claim against Stonewood Restaurant must fail.[12] And the mere fact that she characterizes the issue as negligence per se does not alter this result, as Orff's "equal knowledge of the hazard would still entitle [Stonewood Restaurant] to summary judgment."[13]

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED MAY 22, 2007.

---

[8] (Punctuation omitted.) *Gantt v. Dave & Busters of Ga.*, 271 Ga. App. 457, 458 (610 SE2d 116) (2005).

[9] See *Hamilton v. Kentucky Fried Chicken &c.*, 248 Ga. App. 245, 246-247 (1) (545 SE2d 375) (2001).

[10] See id. (customer successfully traversed curb in daylight, but not in " 'pitch dark' " with inadequate lighting); *Ward v. Autry Petroleum Co.*, 281 Ga. App. 877, 879-880 (2) (a) (637 SE2d 483) (2006) (fact that invitee negotiated hose on driver's side of the car did not mean he had equal knowledge that hose ran underneath car and extended to passenger side).

[11] (Emphasis in original.) *Ward*, supra at 879.

[12] See *Gantt*, supra.

[13] *Norman v. Jones Lang LaSalle Americas, Inc.*, 277 Ga. App. 621, 629 (2) (c) (627 SE2d 382) (2006) ("[n]egligence per se does not equal liability per se").

*Pugh, Barrett, Canale & Leslie, David A. Canale, John A. Leslie,* for appellant.

*Carlock, Copeland, Semler & Stair, Kimberly M. DeWitt, David F. Root,* for appellee.