**FOURTH DIVISION**
**DILLARD, P. J.,**
**RICKMAN and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**August 17, 2020**

# In the Court of Appeals of Georgia

A20A1036. VALDOSTA STATE UNIVERSITY, et al. v. DAVIS.

DILLARD, Presiding Judge.

Valdosta State University[1] appeals the denial of its motion for summary judgment in Elizabeth Davis's action against it. Davis alleged that, as a result of VSU's negligence, she fell off of a "lofted bed" in her dorm room and suffered severe injuries. VSU argues that the trial court erred in denying its motion for summary judgment because Davis's lofted bed was an "open and obvious" condition, which precludes liability. For the reasons set forth *infra*, we reverse.

---

[1] The Board of Regents of the University System of Georgia is also a party to this appeal, but for ease of reference we refer to the Board and Valdosta State University collectively as "VSU" throughout this opinion.

Viewing the evidence in the light most favorable to Davis (*i.e.*, the nonmoving party),[2] the record shows that on August 8, 2016, she moved into her dorm room at VSU to begin her freshman year of college. Davis's room contained two lofted beds, one of which was higher than the other one. And by the time Davis arrived to her room, her roommate was already there and had chosen the bed in the lower position. Davis initially wanted to lower her bed to the same height as that of her roommate's bed, so she submitted an online request to VSU's housing department to that effect. But this request was never fulfilled. As a result, in order to access her bed, Davis would step on her desk and then climb into her bed because there was no ladder in the room. Later, after rearranging the furniture multiple times, Davis and her roommate settled on a "final [ ]arrangement," which Davis thought was "really cute" and "functional." And once the final configuration was done, Davis "never followed up on lowering the bed . . . because [she] was happy with it."

On October 30, 2016, Davis and a friend attended a Halloween party at a fraternity house. Davis first went to a pre-party, and she had "a couple beers" throughout the course of the evening. Then, at the end of the night, Davis walked

---

[2] *See*, *e.g.*, *Martin v. Herrington Mill, LP*, 316 Ga. App. 696, 696 (730 SE2d 164) (2012). In keeping with our standard of review, the factual background set forth in this opinion is gleaned entirely from Davis's own deposition testimony.

2

back from the party alone and returned to her dorm room by 11:00 p.m. She recalled feeling "[t]ipsy" after the party, and when she arrived home, she fell asleep. The next thing Davis remembered was falling out of her lofted bed, blacking out, and waking up on her back with her roommate standing over her asking if she was all right. As a result of this fall, Davis sustained serious injuries, which required surgery and a stay in the intensive care unit.

Due to the nature and severity of her injuries, Davis had to "medically withdraw" from all of her classes at VSU in November 2016. Davis subsequently registered for the spring semester, but withdrew from school again a few weeks into the semester because her "concussion was still really bad and [she] wasn't able to concentrate or perform as [she] had been used to and [she] was failing everything." But during the brief period of time that Davis returned to her dorm room, her lofted bed was lowered to the same height as that of her roommate's bed. And because VSU did not provide her with a "bed rail," Davis purchased one and installed it on her bed.

On December 22, 2017, Davis filed a complaint against VSU, asserting that its negligence in failing to install safety rails on her lofted bed proximately caused the serious and permanent injuries she suffered from falling out of the bed. She claimed that VSU had notice of the specific risk of falling from the lofted beds due to similar

incidents at other schools within the University System of Georgia. VSU answered the complaint and discovery ensued. Subsequently, VSU filed a motion for summary judgment, which was denied by the trial court in a summary order.[3] We granted VSU's motion for an interlocutory appeal, and this appeal follows.

Summary judgment is proper when "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law."[4] Furthermore, a *de novo* standard of review "applies to an appeal from a grant or denial of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant."[5] Moreover, at the summary-judgment stage, "[w]e do not resolve disputed facts, reconcile the issues, weigh the evidence, or determine its credibility, as those matters must be submitted

---

[3] Although the trial court's order was cursory and noted that findings of fact and conclusions of law were unnecessary, it specifically found that there was a genuine issue of material fact as to whether Davis's lofted bed was an open and obvious condition.

[4] OCGA § 9-11-56 (c); *accord Martin*, 316 Ga. App. at 697.

[5] *Martin*, 316 Ga. App. at 697 (punctuation omitted).

4

to a jury for resolution."[6] With these guiding principles in mind, we now address VSU's specific claim of error.

VSU argues that the trial court erred in denying its motion for summary judgment because Davis's lofted bed was an open and obvious condition, which precludes liability. We agree.

In Georgia, in order to prevail on a premises-liability claim, a plaintiff must prove that "(1) the owner or proprietor had actual or constructive knowledge of the hazard and (2) the plaintiff lacked knowledge of the hazard despite exercising ordinary care."[7] Indeed, as a general rule, owners or occupiers of land are "not insurers of the safety of invitees."[8] So, in a premises-liability case, such as this one, the mere fact that Davis fell, without more, "does not give rise to liability on the part

---

[6] *Tookes v. Murray*, 297 Ga. App. 765, 766 (678 SE2d 209) (2009).

[7] *Ward v. Autry Petroleum Co.*, 281 Ga. App. 877, 877 (637 SE2d 483) (2006); *accord Am. Multi-Cinema, Inc. v. Brown*, 285 Ga. 442, 444 (2) (679 SE2d 25) (2009); *Warberg v. Saint Louis Bread Co.*, 255 Ga. App. 352, 353 (565 SE2d 561) (2002).

[8] *Orff v. Stonewood Rest. Grp., LLC*, 285 Ga. App. 488, 489 (646 SE2d 702) (2007); *accord Bartlett v. McDonough Bedding Co.*, 313 Ga. App. 657, 658 (722 SE2d 380) (2012); *see Johnson St. Props., LLC v. Clure*, 302 Ga. 51, 53, 805 SE2d 60, 65 (2017) ("While *not an insurer of the invitee's safety*, the owner/occupier is required to exercise ordinary care to protect the invitee from unreasonable risks of harm of which the owner/occupier has superior knowledge." (punctuation omitted) (emphasis supplied)).

of [VSU]."[9] Instead, the true basis of a property owner's liability for an injury to its invitee is "the [owner's] *superior knowledge of a condition that may expose the invitees to an unreasonable risk of harm*."[10] Moreover,

> it is the plaintiff's knowledge of the specific hazard which caused the [injury] that determines whether the plaintiff can prevail on a premises[-]liability claim, not merely the plaintiff's knowledge of generally prevailing hazardous conditions or of other hazardous conditions in the area which plaintiff observes and avoids.[11]

The superior-or-equal-knowledge rule is "the practical application of a rule that a knowledgeable plaintiff cannot recover damages if by ordinary care [she] could have avoided the consequences of defendant's negligence."[12] And particularly relevant in

---

[9] *Orff*, 285 Ga. App. at 489; *accord Bartlett*, 313 Ga. App. at 658; *Bryant v. DIVYA, Inc.*, 278 Ga. App. 101, 102 (628 SE2d 163) (2006); *see Wolfe v. Carter*, 314 Ga. App. 854, 859 (2) (b) (726 SE2d 122) (2012) ("It is a well settled principle of negligence law that the occurrence of an unfortunate event is not sufficient to authorize an inference of negligence." (punctuation omitted)); *Greyhound Lines, Inc. v. Williams,* 290 Ga. App. 450, 451 (1) (659 SE2d 867) (2008) (same).

[10] *Orff*, 285 Ga. App. at 489 (punctuation omitted); *accord Williams v. Johnson*, 344 Ga. App. 311, 315 (1) (809 SE2d 839) (2018); *Ward*, 281 Ga. App. at 877.

[11] *Orff*, 285 Ga. App. at 490 (punctuation omitted); *accord Williams*, 344 Ga. App. at 315 (1); *Ward*, 281 Ga. App. at 879 (2) (a).

[12] *O'Steen v. Rheem Mfg. Co.*, 194 Ga. App. 240, 242 (1) (390 SE2d 248) (1990) (citation and punctuation omitted); *see Weston v. Dun Transp.*, 304 Ga. App. 84, 87 (1) (695 SE2d 279) (2010) ("Under the doctrine of avoidable consequences,

this case, even if a defendant "had knowledge of the alleged hazardous condition . . . , [a plaintiff] cannot recover if it is shown that the hazard was open and obvious."[13] Lastly, we are mindful that in a premises-liability case, issues of "the defendant's negligence, the plaintiff's negligence, and the plaintiff's lack of ordinary care for his own safety are generally not susceptible of summary adjudication."[14] But when the evidence is "plain, palpable, and undisputable . . . the trial court [can] conclude that a party is entitled to judgment as a matter of law."[15] This is such a case.

---

. . . "[i]f the plaintiff by ordinary care could have avoided the consequences to himself [or herself] caused by the defendant's negligence, [the plaintiff] is not entitled to recover." (punctuation omitted)); OCGA § 51-11-7 ("If the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover. In other cases the defendant is not relieved, although the plaintiff may in some way have contributed to the injury sustained.").

[13] *D'Elia v. Phillips Edison & Co., Ltd.*, ___ Ga. App. ___, ___ (839 SE2d 721, 724) (2020); *see City of Brunswick v. Smith*, 350 Ga. App. 501, 504 (829 SE2d 781) (2019) ("In cases involving a static condition, . . . a plaintiff is held to have knowledge of an open and obvious condition."); *Cocklin v. JC Penney Corp.*, 296 Ga. App. 179, 181 (674 SE2d 48) (2009) ("Recovery is allowed [in a premises-liability case] only when the proprietor had knowledge and the invitee did not."); *Bryant*, 278 Ga. App. at 102.

[14] *Ward*, 281 Ga. App. at 877; *accord Am. Multi-Cinema, Inc.*, 285 Ga. at 445 (2); *Robinson v. Kroger Co.*, 268 Ga. 735, 748 (2) (B) (493 SE2d 403) (1997).

[15] *Ward*, 281 Ga. App. at 877; *accord Am. Multi-Cinema, Inc.*, 285 Ga. at 445 (2); *Kennestone Hosp., Inc. v. Harris*, 285 Ga. App. 393, 395 (646 SE2d 490) (2007).

Here, there is no dispute that VSU had actual or constructive knowledge of the lofted bed in Davis's dorm room. But the uncontroverted evidence also shows that Davis had equal knowledge that the lofted bed was raised off the ground and lacked guardrails before she fell.[16] Indeed, Davis slept in the bed for approximately three months prior to her fall in late October 2016. Moreover, soon after arriving at school, she submitted a request to VSU to have the bed lowered, which shows that (1) the lofted bed was an open and obvious static condition of which Davis had actual knowledge, and (2) the danger posed by falling from the bed was both apparent and avoidable by the exercise of reasonable care. Davis also installed a safety rail on the bed when she returned to school for the Spring semester, presumably to prevent her from falling again. And significantly, we have repeatedly held—in the context of

_____

[16] *See Houston v. Wal-Mart Stores East, L.P.*, 324 Ga. App. 105, 107-08 (1) (749 SE2d 400) (2013) (holding that customer had equal knowledge to defendant store regarding presence of hazard by flattened cardboard boxes on store floor before he slipped and fell on them, and thus could not recover on premises-liability claim); *LeCroy v. Bragg*, 319 Ga. App. 884, 887 (1) (739 SE2d 1) (2013) ("Because [the plaintiff's] knowledge of the hazard that caused her fall and resulting injuries was at least equal to that of the landowner, she may not recover. It follows that the defendants should have been granted summary judgment on this basis."); *Hannah v. Hampton Auto Parts Inc.*, 234 Ga. App. 392, 394 (506 SE2d 910) (1998) (holding that the defendants were not liable in a premises-liability case when the plaintiff and defendants had equal knowledge of the static condition (*i.e.*, stairs) that caused plaintiff's injuries when he fell).

8

assumption-of-the-risk cases—that "no danger is more commonly realized or risk appreciated than that of falling."[17] As a result, under these circumstances, even viewing the evidence in the light most favorable to Davis, the trial court erred in denying VSU's motion for summary judgment because her lofted bed constituted an "open and obvious" condition, and therefore, she was barred from recovery as a matter of law. [18]

---

[17] *Liles v. Innerwork, Inc.*, 279 Ga. App. 352, 354 (2) (631 SE2d 408) (2006) (punctuation omitted) *accord Kane v. Landscape Structures, Inc.*, 309 Ga. App. 14, 18 (709 SE2d 876) (2011); *O'Neal v. Sikes*, 271 Ga. App. 391, 392 (609 SE2d 734) (2005); *see Gregory v. Johnson,* 249 Ga. 151, 154 (289 SE2d 232) (1982) (noting that dangers of fire, *falling from heights,* and water are normally understood by children absent other factors creating additional risks of harm or foreseeable dangers to children who cannot appreciate the nature of the harm"); *Augusta Amusements v. Powell*, 93 Ga. App. 752, 757 (92 SE2d 720) (1956) (explaining that "consciousness of the force of gravity results almost from animal instinct. Certainly a normal child . . . knows that if it steps or slips from a tree, a fence, or other elevated structure, it will fall to the ground and be hurt").

[18] *See Barnes v. Morganton Baptist Assn.*, 306 Ga. App. 755, 757-58 (1) (703 SE2d 359) (2010) (affirming grant of summary judgment to shopping center after a bicyclist fell off a 12-foot retaining wall adjacent to a shopping center parking lot because the "retaining wall and the drop-off were an open and obvious static condition of which [the plaintiff] had actual knowledge, and the danger posed by falling therefrom was both apparent and avoidable by the exercise of reasonable care"); *Sones v. Real Estate Dev. Group, Inc.*, 270 Ga. App. 507, 508-09 (1) (606 SE2d 687) (2004) (affirming grant of summary judgment to the property owner when construction workers fell from a platform that was 15 feet off the ground and lacked guard rails because, *inter alia*, the risk of falling off the platform was "open and obvious"); *Goodman v. City of Smyrna*, 230 Ga. App. 630, 632-33 (497 SE2d 372)

For all these reasons, we reverse the trial court's denial of VSU's motion for summary judgment.

*Judgment reversed. Rickman and Brown, JJ., concur*

---

(1998) (affirming grant of summary judgment to city after a 11-year-old child died when she roller skated off of the street and down a six-foot drop because even assuming the city breached a duty of care, the six-foot drop off and the lack of any barrier "were obvious features"); *Winchester v. Sun Valley-Atlanta Assoc.*, 206 Ga. App. 140, 141-42 (2) (424 SE2d 85) (1992) (holding that owner was not liable for injuries sustained by five-year-old child who fell over an obviously visible retaining wall); *see also Yun v. Great Wolf Lodge of the Poconos, LLC*, 182 FSupp3d 182, 186 (M.D. Pa. 2016) (granting hotel's motion for summary judgment based in part on the conclusion that "the risks associated with a bunk bed were known and obvious"). Davis's argument on appeal, as it was below, is based primarily on her contention that VSU could not establish an assumption-of-the-risk defense. But because we hold that Davis's negligence claim is precluded as a result of her equal knowledge of the open and obvious hazard that caused her injuries, we need not separately address other potential bases for granting summary judgment.